FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 07 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MARKEET SINGH,

        Defendant.

08-cr-868

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 10, 2009, Markeet Singh pled guilty to counts One and Two of a two-count superseding information. Count One charged that between September 2007 and November 2008, Singh, together with others, conspired to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 841(b)(1)(A). Count Two charged that in September 2007, Singh conspired to possess and distribute ephedrine, a listed chemical, having reasonable cause to believe it would be used to manufacture methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(c)(2).

Singh was sentenced on November 24, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 27 and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 70 to 87 months. Offense One carried a maximum term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A). Count Two carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(c)(2). Because the court determined that the defendant satisfied mitigating factors in 18 U.S.C. § 3553(f), the statutory minimum does not apply. The guidelines range of fine was from $12,500 to $4,000,000.

Singh was sentenced to time served and three years supervised release. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offenses charged are extremely serious, the defendant is a hard working man who helped support his family and has otherwise led a lawful life. A sentence of time served reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug conspiracy will not go unpunished. Specific deterrence is achieved through the year the defendant spent in prison prior to his sentencing and the impact of his deportation as a result of his conviction. It is unlikely that he will engage in further criminal activity in light of the remorse he has shown and his strong desire to support his elderly parents in India.

Jack B. Weinstein
Senior United States District Judge

3

Dated: December 3, 2009
       Brooklyn, New York